# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GORDON BRUDER,

        **Plaintiff,**

v.                                      **Case No: 6:23-cv-2332-DCI**

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**

_____

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment (Doc. 12)** |
| **FILED:** | **January 31, 2024** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

### I.    Background

Plaintiff, proceeding *pro se*, initiated this action against the Commissioner of Social Security on December 5, 2023.  Doc. 1 (the Complaint).  Pursuant to 42 U.S.C. § 1383(c)(3), Plaintiff seeks review of a decision regarding Supplemental Security Income (SSI).  *Id.* at 2.  The Commissioner filed the instant Motion to Dismiss, alleging that Plaintiff has failed to exhaust his administrative remedies.  Doc. 12.  Plaintiff has neither responded to the Motion to Dismiss, nor sought leave to amend his complaint.

## II.        Legal Standard

Pursuant to Rule 12(b)(6), the undersigned accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. Of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Additionally, the Court must liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010), because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

## III.        Discussion

This Court is a court of limited jurisdiction, and as such, "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. V. Am. Tobacco Co.*,

168 F.3d 405, 409-10 (11th Cir. 1999); *see also Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339

(11th Cir. 2008) (per curiam) ("As a preliminary matter, we must inquire into subject matter

jurisdiction *sua sponte* whenever it may be lacking.").

> This Court's jurisdiction in social security cases is generally governed by 42 U.S.C. § 405.

Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security
> made after a hearing to which he was a party, irrespective of the amount in
> controversy, may obtain a review of such decision by a civil action commenced
> within sixty days after the mailing to him of such notice of such decision or within
> such further time as the Commissioner of Social Security may allow.

42. U.S.C. § 405(g).  Section 405(h) then provides:

> No findings of fact or decisions of the Commissioner of Social Security shall be
> reviewed by any person, tribunal, or governmental agency except as herein
> provided. No action against the United States, the Commissioner of Social Security
> or any officer or employee thereof shall be brought under section 1331 or 1346 of
> Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

> The Supreme Court has explained that § 405(g) "contains two separate elements: first, a

'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . .

requirement that the administrative remedies prescribed by the [Commissioner] be exhausted.'"

*Smith v. Berryhill*, 587 U.S. ----, 139 S. Ct. 1765, 1773 (2019) (quoting *Mathews v. Eldridge*, 424

U.S. 319, 328 (1976)).  In order to meet the latter requirement, a claimant must "proceed[] through

all three stages of the administrative appeals process," including *de novo* reconsideration by the

Social Security Administration of its initial determination, a hearing before an ALJ, and

discretionary review by the Appeals Council.  *Bowen v. City of New York*, 476 U.S. 471-72 (1986).

Therefore, only after a claimant has completed these steps is the Commissioner's determination

considered to be a "final decision" subject to review in federal court.  20 C.F.R. § 416.1400(a)(5);

*Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003) (per curiam) (noting that judicial review exists only over "final decisions" of the Commissioner rendered at the conclusion of the administrative review process).

Here, although Plaintiff alleges that his claim was denied, he does not allege that he exhausted administrative remedies and received a final decision from the Commissioner. *See* Doc. 1.  According to the Declaration attached to the instant motion, Plaintiff was advised of his right to file an appeal with the Appeals Council within 60 days from the receipt of the decision—nonetheless, the record demonstrates that Plaintiff has failed to do so.  Doc. 12-1.  Because Plaintiff has failed to exhaust his administrative remedies before filing his complaint, the Court lacks subject matter jurisdiction over this action under § 405(g).

### IV.    Conclusion

Accordingly, the Motion (Doc. 12) is **GRANTED** such that:

1.  the case is dismissed without prejudice for lack of subject matter jurisdiction; and

2.  the Clerk is directed to terminate any pending motions and close the case.

**ORDERED** in Orlando, Florida on March 5, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -